UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIMMIE LUVERT,

                           Plaintiff,                  **ORDER**
                                                           CV 10-5513 (MKB)(ARL)

      -against-

ARRESTING OFFICER ANTHONY J. NATALE
#3060; ARRESTING OFFICER (1); ARRESTING
OFFICER (2); ARRESTING OFFICER (3),

                           Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the status report submitted by defendants to the district court pursuant to the Court's Order dated April 17, 2013 wherein defense counsel advises that despite having provided *pro se* plaintiff with Stipulations to Unseal Records and HIPAA Release Authorizations on multiple occasions, plaintiff has not provided fully executed Stipulations to Unseal or HIPAA Releases in violation of the undersigned's orders to produce these documents. *See Orders,* dated June 12, 2012 and July 12, 2012.

      By way of background, pursuant to defendants' motion dated June 4, 2012, the undersigned directed plaintiff to provide defendants with the fully executed Stipulations to Unseal Records and a HIPPA Release Authorization on or before June 22, 2012. *Order*, dated June 12, 2012. The application and the Order were never objected to by plaintiff. Although plaintiff had provided defendants with executed Stipulations and Authorizations, plaintiff had modified these documents so as to limit the scope of both the breadth and time of the authorizations and had failed to sign the documents before a notary as required by the authorizations. By order dated July 12, 2012, this court directed the plaintiff to provide defendants with the fully executed Stipulations to Unseal Records and a HIPAA Release Authorization without modification and cautioned plaintiff that the failure to timely comply with this order may result in the imposition of sanctions. *Order*, dated July 22, 2012. Plaintiff did not comply with the undersigned's order. On July 30, 2012, defendants moved before the district court for an order dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the undersigned's orders to provide defendants with the Stipulations to Unseal Records and a HIPAA Release Authorization. Plaintiff submitted a response on August 3, 2012 indicating that defense counsel had not provided plaintiff, who was incarcerated at the time, with the stipulations and authorizations for him to execute. In light of plaintiff's representations, the district court denied the defendants' motion to dismiss and directed defendants to provide plaintiff with the necessary stipulations and authorizations at his current address. *Order*, dated August 17, 2012. Pursuant to the district court's order dated August 17, 2012, defendants provided plaintiff the Stipulations to Unseal and HIPAA releases for the third time. However, defendants have not received the executed stipulations, authorizations or any other correspondence from plaintiff since June 2012. As these documents are central to the defense of defendants' case, plaintiff's failure to comply with both

the undersigned's orders and the district court's order has prejudiced defendants and has prevented them from conducting discovery in this matter.

**Accordingly, on or before May 13, 2013, plaintiff is directed to provide defendants with the fully executed Stipulations to Unseal Records and a HIPAA Release Authorization without modification. Plaintiff is advised that the failure to comply with this order will result in a report and recommendation that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).** Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.*, 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Defendants are directed to serve a copy of this Order on plaintiff forthwith.

Dated: Central Islip, New York
       April 25, 2013

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge