```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIMMIE LUVERT,

                        Plaintiff,                    **REPORT AND
                                                      RECOMMENDATION**
                                                      CV 10-5513 (MKB)(ARL)
        -against-

ARRESTING OFFICER ANTHONY J. NATALE
#3060; ARRESTING OFFICER (1); ARRESTING
OFFICER (2); ARRESTING OFFICER (3),

                        Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letter dated August 9, 2013, indicating that the pro se plaintiff has not complied with the court's Orders dated June 12, 2012 and April 25, 2013, directing plaintiff to provide defendants with fully executed Stipulations to Unseal Records and a HIPPA Release authorizations without modification. The defendants request that the undersigned report and recommend that this action be dismiss for failure to prosecute. For the reasons set forth below, the request is granted.

By way of background, pursuant to defendants' motion dated June 4, 2012, the undersigned directed plaintiff to provide defendants with the fully executed Stipulations to Unseal Records and a HIPPA Release Authorization on or before June 22, 2012. *Order*, dated June 12, 2012. The application and the Order were never objected to by plaintiff. Although plaintiff had provided defendants with executed Stipulations and Authorizations, plaintiff had modified these documents so as to limit the scope of both the breadth and time of the authorizations and had failed to sign the documents before a notary as required by the authorizations. By order dated July 12, 2012, this court directed the plaintiff to provide defendants with the fully executed Stipulations to Unseal Records and a HIPAA Release Authorization without modification and cautioned plaintiff that the failure to timely comply with this order may result in the imposition of sanctions. *Order*, dated July 22, 2012. Plaintiff did not comply with the undersigned's order. On July 30, 2012, defendants moved before the district court for an order dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the undersigned's orders to provide defendants with the Stipulations to Unseal Records and a HIPAA Release Authorization. Plaintiff submitted a response on August 3, 2012 indicating that defense counsel had not provided plaintiff, who was incarcerated at the time, with the stipulations and authorizations for him to execute. In light of plaintiff's representations, the district court denied the defendants' motion to dismiss and directed defendants to provide plaintiff with the necessary stipulations and authorizations at his current address. *Order*, dated August 17, 2012. Pursuant to the district court's order dated August 17, 2012, defendants provided plaintiff the Stipulations to Unseal and HIPAA releases for the third time. However, defendants did not receive the executed stipulations, authorizations or any other correspondence from plaintiff since June 2012. As these documents are central to the defense of defendants' case, plaintiff's failure to comply with both the

undersigned's orders and the district court's order has prejudiced defendants and has prevented them from conducting discovery in this matter. Nonetheless, this court gave the plaintiff one final opportunity to comply, and by order dated April 25, 2013 directed the plaintiff to provide defendants with the fully executed Stipulations to Unseal Records and a HIPAA Release Authorization without modification on or before May 13, 2013. Plaintiff was warned that the failure to comply with the court's order would result in a report and recommendation that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). By their recent letter, the defendants indicate that the plaintiff has still not responded to the outstanding requests, which were first served in April 2012.

Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted).

Pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), dismissal of the plaintiff's action is appropriate. The undersigned has provided the plaintiff with repeated and longstanding opportunities to comply with the court's orders. Despite being given over one year to respond to the defendants' discovery requests, she has still failed to do so. This has resulted in prejudice to the defendants and a tax of the court's resources. The plaintiff has not provided an excuse for her continuing failure to abide by the court's orders. Given the multiple extensions already provided, the undersigned is persuaded that any lesser sanction than dismissal would merely result in further prejudice to the defendants and a further tax on the court's resources. Accordingly, the undersigned respectfully recommends that the foregoing action be dismissed for the plaintiff's failure to prosecute pursuant to Rule 41(b).

A copy of this Report and Recommendation will be sent to the plaintiff at her last-known address. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Defendants are directed to serve a copy of this Order on plaintiff forthwith.

Dated: Central Islip, New York  **SO ORDERED:**
       August 19, 2013

                                                                  _____/s/_____
                                                                  ARLENE R. LINDSAY
                                                                  United States Magistrate Judge