UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| JIMMIE LUVERT, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>10-CV-5513 (MKB) |
| v. | |
| ARRESTING OFFICER ANTHONY J. NATALE,<br>ARRESTING OFFICER (1), ARRESTING<br>OFFICER (2) and ARRESTING OFFICER (3), | |
| Defendants. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Jimmie Luvert proceeding *pro se* filed the above-captioned action pursuant to 42 U.S.C. § 1983 against Defendants Anthony Natale and Arresting Officers 1 through 3. On August 19, 2013, Magistrate Judge Arlene Lindsay filed a report and recommendation ("the Report & Recommendation") recommending that the Court dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 41, "R&R.") On August 27, 2013, Plaintiff timely filed a letter objecting to Judge Lindsay's Report & Recommendation. (Docket Entry No. 42, "Pl. Obj.") For the reasons set forth below, the Court declines to adopt the Report & Recommendation.

### I. Background

#### a. Procedural History

Plaintiff filed this action on November 15, 2010. (Docket Entry No. 1.) On April 23, 2012, Judge Lindsay issued an order directing the parties to immediately commence discovery, and to complete discovery by June 8, 2012. (Docket Entry No. 24.) On June 4, 2012, Defendants wrote to the Court that they had asked Plaintiff to execute stipulations to unseal

records and a HIPAA Release Authorization on April 27, 2012, but had not received the requested documents.  (Docket Entry No. 25.)  Defendants asked Judge Lindsay to direct Plaintiff to return the stipulations and authorization.  (*Id.*)  On June 12, 2012, Judge Lindsay ordered Plaintiff to provide Defendants with fully executed stipulations to unseal records and a HIPAA Release Authorization on or before June 22, 2012.  (Docket Entry No. 26.)  By letter dated June 13, 2012, Plaintiff provided Defendants with signed stipulations and an authorization, with an "addendum to each document" added by Plaintiff.  (Docket Entry No. 25, App. 1.)  Plaintiff did not notarize the documents.  (*See* Docket Entry No. 28.)

By order dated July 12, 2012, Judge Lindsay ordered Plaintiff to provide Defendants with fully executed un-modified stipulations and an authorization by July 22, 2012.  (*Id.*)  Plaintiff was warned that "the failure to timely comply with this order may result in the imposition of sanctions."  (*Id.*)  Plaintiff failed to provide Defendants with the executed documents.  (*See* Docket Entry No. 29.)

On July 30, 2012, Defendants moved this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint for failure to obey Judge Lindsay's order and for failure to prosecute this action.  (*Id.*)  On August 3, 2012, Plaintiff submitted a response, stating that he was incarcerated at the time, and he was not able to comply with Judge Lindsay's order because Defendants had not provided him with the stipulations and authorization for him to execute.  (Docket Entry No. 32.)  In light of Plaintiff's representations, Defendants' motion to dismiss was denied by order dated August 17, 2012, and Defendants were directed to provide Plaintiff with the necessary stipulations and authorization.  (Docket Entry No. 33.)

By letter dated April 22, 2013, Defendants informed the Court that they had provided Plaintiff with the necessary stipulations and authorization, but had not received the executed

2

documents from Plaintiff, nor had they received any correspondence from Plaintiff since June 2012. (Docket Entry No. 36.) On April 25, 2013, Judge Lindsay ordered Plaintiff to provide the fully executed stipulations and authorization without modification by May 13, 2013. (Docket Entry No. 37.) Judge Lindsay noted that the outstanding requests were first served in April 2012 and Plaintiff had not complied. (*Id.*) Plaintiff was warned that "failure to comply with the [C]ourt's order would result in a report and recommendation that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." (*Id.* (emphasis omitted).)

Plaintiff submitted an undated letter to the Court that was received on July 24, 2013. (Docket Entry No. 39.) Plaintiff states in the letter that he was released from prison in August 2012, and upon his release he "made numerous phone calls" to counsel for Defendants to request that the stipulations and authorization be forwarded to him, "[a]ll to no avail." (*Id.*) Plaintiff claims that his home in Freeport, New York, was subsequently "ruined" by Hurricane Sandy, and any mail sent to his Freeport address was not received. (*Id.*) Plaintiff further states that the paperwork regarding his case was also damaged. (*Id.*) According to Plaintiff, he received a letter in May 2013 that had been forwarded to his new address in Roosevelt, New York, stating that Plaintiff had "2 months to sign" the stipulations and authorization.[1] (*Id.*) Plaintiff claims that he was arrested for a parole violation and incarcerated on June 14, 2013. (*Id.*) Plaintiff also requests that the stipulations and authorization be mailed to him again, along with a copy of his court file. (*Id.*)

On August 8, 2013, Defendants moved for the second time to dismiss the case. (Docket Entry No. 40.) Defendants asked Judge Lindsay to issue a report and recommendation that this

---

[1] It is unclear what letter or order Plaintiff references, as the Court's orders with regard to the stipulations and authorizations have not incorporated any two-month deadline.

3

action be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) Defendants have not indicated whether they responded to Plaintiff's July 24, 2013 letter asking for another copy of the stipulations and authorization.

### b.   Report & Recommendation

On August 19, 2013, Judge Lindsay issued her Report & Recommendation that this action be dismissed for failure to prosecute. (R&R at 2.) Judge Lindsay recounted Plaintiff's repeated failures to provide the ordered stipulations and authorization over the course of more than one year, and the warning issued to Plaintiff that failure to comply would result in a recommendation that the action be dismissed with prejudice. (*Id.* at 1.) Judge Lindsay found that "any lesser sanction than dismissal would merely result in further prejudice to the [D]efendants and a further tax on the [C]ourt's resources." (*Id.* at 2.) Judge Lindsay noted that "[P]laintiff has not provided an excuse for [his] continuing failure to abide by the [C]ourt's orders." (*Id.*)

### c.   Plaintiff's Objections

Plaintiff timely filed objections to the Report & Recommendation by letter dated August 24, 2013. (Pl. Obj.) Plaintiff states that he was informed by telephone of the Court's Report & Recommendation of dismissal and writes in "formal rebuttal . . . to that recommendation." (*Id.* at 4) Plaintiff states that he was forwarded a letter that had been sent to his former address, rather than the new Roosevelt, New York address he provided in his July 24, 2013 letter to the Court, and he is therefore concerned that the Court did not receive his letter. (*Id.* at 1.) Plaintiff reiterates that he had agreed to execute the stipulations and authorization in August 2012, but in September 2012 his Freeport, New York residence and his case file were

destroyed by Hurricane Sandy.[2]  (*Id.* at 2.)  Plaintiff states that he lived in transitional housing until January 2013, at which point he relocated to Roosevelt, New York.  (*Id.* at 2–3.)  According to Plaintiff, during the time he was in transitional housing, he called counsel for Defendants "numerous times" and "left messages which were never returned" in an attempt to obtain the stipulations and authorization.  (*Id.* at 3.)  Plaintiff also asserts that any mail sent to his Freeport, New York address was not received.  (*Id.*)  In June 2013, Plaintiff was arrested for a parole violation, and he is currently incarcerated at Nassau County Correctional Center.[3]  (*Id.*)

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review.  *Id.*; *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2.

---

[2] Hurricane Sandy occurred in October 2012.  *See CNN's Hurricane Sandy Fast Facts*, CNN.com, http://www.cnn.com/2013/07/13/world/americas/hurricane-sandy-fast-facts/index.html (stating that Hurricane Sandy, as a hurricane and a post-tropical cyclone, lasted from October 22 to November 5, 2012).

[3] Plaintiff states that he expects to be released from custody in October 2013, and will return to his residence in Roosevelt, New York.  (*Id.* at 5.)  Plaintiff also requested a copy of his case documents and a pro se litigation manual.  (*Id.*)

### b. Plaintiff's Failure to Comply with the Court Orders

Plaintiff was first ordered to provide executed stipulations and an authorization to Defendants by Judge Lindsay on June 12, 2012, more than one year ago. (Docket Entry No. 26.) Although Plaintiff did attempt to comply, he submitted stipulations and authorization that were modified and were not notarized. (*See* Docket Entry No. 25, App. 1; Docket Entry No. 28.) On July 12, 2012, Judge Lindsay ordered Plaintiff to provide the stipulations and authorization, unmodified and properly executed. (Docket Entry No. 28.) Plaintiff did not comply, and Judge Lindsay again ordered Plaintiff to provide the requested documents on April 25, 2013. (Docket Entry No. 37.) Plaintiff was warned that the failure to comply would result in a recommendation that this action be dismissed with prejudice. (*Id.*) Plaintiff still has not complied with Judge Lindsay's orders.

Plaintiff asserts that he has not received a copy of the necessary stipulations and authorization as a result of multiple relocations due to Hurricane Sandy and Plaintiff's incarceration, as well as the lack of cooperation by Defendants. (*See* Docket Entry No. 39; *see also* Pl. Obj.) When Defendants moved to dismiss the action on August 8, 2013, they did not address Plaintiff's July 24, 2013 letter explaining why he had not provided the documents and his attempts to contact Defendants. (*See* Docket Entry No. 40.) In light of Plaintiff's representations, the Court will allow Plaintiff one final opportunity to provide the required stipulations and authorization. Defendants shall serve the necessary stipulations and authorization and a copy of this order on Plaintiff at the Nassau County Correctional Facility, and his Roosevelt residence (*see* Pl. Obj. at 5), on or before October 21, 2013. Plaintiff shall return the fully executed stipulations and authorization without modification on or before November 21, 2013. If Plaintiff fails to comply the Court will dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### III. Conclusion

For the foregoing reasons, the Court declines to adopt the Report & Recommendation. The Court denies Defendants' motion to dismiss the proceeding. Defendants shall serve Plaintiff with a copy of this order and the necessary stipulations and authorization on or before October 21, 2013. Plaintiff shall serve the fully executed stipulations and authorization without modification on Defendants on or before November 21, 2013. If Plaintiff fails to comply with this Order, Defendants shall renew their motion to dismiss and the Court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 8, 2013
Brooklyn, New York

7