UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JIMMIE LUVERT,

                               Plaintiff,                **ORDER**
                                                          10-CV-5513 (MKB)
            v.

ARRESTING OFFICER ANTHONY J. NATALE,
ARRESTING OFFICER (1), ARRESTING
OFFICER (2) and ARRESTING OFFICER (3),

                               Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      On November 15, 2010, Plaintiff Jimmie Luvert, proceeding *pro se*, commenced the above-captioned action pursuant to 42 U.S.C. § 1983, against Officer Anthony J. Natale and unnamed Arresting Officers 1 through 3. (Compl., Docket Entry No. 1.) On August 19, 2013, Magistrate Judge Arlene Lindsay issued a Report and Recommendation ("R&R"), recommending dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (R&R, Docket Entry No. 41.) Judge Lindsay's recommendation was based on Plaintiff's repeated failure to provide Defendants with executed stipulations to unseal certain records along with an executed Health Insurance Portability and Accountability Act of 1996 "Release Authorization" form (the "HIPAA Release Form"). (*Id.*; *see* Docket Entry Nos. 26, 28, 37.) On October 8, 2013, the Court declined to adopt Judge Lindsay's recommendation and directed Plaintiff to file the previously requested stipulations and the HIPAA Release Form on or before October 21, 2013. (Mem. and Order dated Oct. 8, 2013 ("Oct. 8, 2013 M&O") 5–6, Docket Entry No. 43.) The Court also informed Plaintiff that failure to comply with the Court's Order would result in dismissal of the action pursuant to Rule 41(b)

of the Federal Rules of Civil Procedure. (*Id.*) To date, Plaintiff has neither complied with the Court's Order nor otherwise communicated with the Court. Accordingly, as discussed below, the Court dismisses this action pursuant to Rule 41(b).

**I.   Background**

On November 15, 2010, Plaintiff commenced this action against Defendants for claims arising from Plaintiff's arrest in August of 2010. (Compl. 4–5.) On May 24, 2011, Defendants filed their Answer to the Complaint, and, thereafter, the matter was referred to Judge Lindsay to supervise the pre-trial discovery process.[1] (Answer, Docket Entry No. 9; Notice dated May 25, 2011, Docket Entry No. 10.) Judge Lindsay ordered that pre-trial discovery be completed by June 8, 2012. (Docket Entry No. 24.) On June 4, 2012, Defendants asked for an extension of time to complete discovery, explaining that although Defendants asked Plaintiff to execute the HIPAA Release Form and certain stipulations to unseal various records, they had not received the requested documents. (Docket Entry No. 25.) On June 12, 2012, Judge Lindsay ordered Plaintiff to provide Defendants with the HIPAA Release Form and fully executed stipulations on or before June 22, 2012. (Docket Entry No. 26.) By letter dated June 13, 2012, Plaintiff provided Defendants with the HIPAA Release Form and the signed stipulations, but he failed to notarize the documents and included an "addendum" to certain documents. (Docket Entry No. 25, App. 1; Docket Entry No. 28.)

On July 12, 2012, Judge Lindsay ordered Plaintiff to provide Defendants with fully executed un-modified stipulations along with the HIPAA Release Form on or before July 22, 2012. (Docket Entry No. 28.) Judge Lindsay warned Plaintiff that "the failure to timely comply

---

[1] On March 23, 2012, this case was transferred from Judge Feuerstein to the undersigned. (Docket Entry dated March 23, 2012.)

with [the] order may result in the imposition of sanctions." (*Id.*) Plaintiff failed to comply with the order and did not provide Defendants with the executed documents. (*See* Docket Entry No. 30.) On July 30, 2012, Defendants moved to dismiss Plaintiff's Complaint for failure to comply with Judge Lindsay's order and for failure to prosecute this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) In a letter dated August 3, 2012, Plaintiff responded, stating that he was incarcerated. (Docket Entry No. 32.) Plaintiff stated that he was unable to comply with Judge Lindsay's order because Defendants had not provided him with the stipulations or the HIPAA Release Form. (*Id.*) Based on Plaintiff's representations, Judge Lindsay denied Defendants' motion to dismiss, and Defendants were directed to provide Plaintiff with the stipulations and the HIPAA Release Form. (Docket Entry No. 33.)

On April 22, 2013, Defendants informed the Court that despite providing Plaintiff with the necessary stipulations the HIPAA Release Form, Plaintiff failed to return the completed documents, nor had Defendants received any correspondence from Plaintiff since June of 2012. (Docket Entry No. 36.) On April 25, 2013, Judge Lindsay ordered Plaintiff to provide Defendants with the documents on or before May 13, 2013, and again warned Plaintiff that "failure to comply with the [C]ourt's order would result in a report and recommendation that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." (Docket Entry No. 37 (emphasis omitted).)

Plaintiff responded in an undated letter received by the Court on July 24, 2013, stating that when Plaintiff was released from prison in August of 2012, he "made numerous" unsuccessful telephone calls to Defendants' counsel, to request that they send the stipulations and the HIPAA Release Form. (Docket Entry No. 39.) Plaintiff also stated that his home and the paperwork related to this action had been "ruined" by Hurricane Sandy. (*Id.*) Plaintiff stated

3

that any mail sent to that address was not received, but explained that in May of 2013, Plaintiff received a letter at his new Roosevelt, New York address, which, according to Plaintiff, stated that he had "2 months to sign" the stipulations and the HIPAA Release Form.[2] (*Id.*) According to Plaintiff, on June 14, 2013, he had been arrested for a parole violation and was incarcerated. (*Id.*) Plaintiff requested that the stipulations and authorization be mailed to him again, along with a copy of his court file. (*Id.*)

Thereafter, on August 9, 2013, Defendants renewed their motion to dismiss Plaintiff's case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 40.) On August 19, 2013, Judge Lindsay issued the R&R recommending dismissal of Plaintiff's action for failure to prosecute. (R&R at 2.) By letter dated August 24, 2013, Plaintiff objected to the R&R, stating that he was concerned that the Court did not receive a letter he sent previously. (Docket Entry No. 42.) Plaintiff again referred to the damage to his home and documents caused by Hurricane Sandy, and stated that he had been living in transitional housing until January of 2013, when he relocated to his Roosevelt, New York address. (*Id.* at 2–3.) Plaintiff stated that while he was in transitional housing, he attempted to obtain the stipulations and the HIPAA Release Form after calling Defendants' counsel "numerous times" and leaving "messages, which were never returned." (*Id.* at 3.) Plaintiff stated that any mail sent to his Freeport, New York address was not received, and that he was incarcerated at Nassau County Correctional Center. (*Id.*) At that time, Plaintiff stated that he was to be released from custody in October of 2013, and was to return to his Roosevelt, New York residence. (*Id.* at 5.)

---

[2] As noted in the Court's October 8, 2013 Memorandum and Order, it is unclear what letter or order Plaintiff references, as the Court's orders with regard to the stipulations and authorizations have not incorporated any two-month deadline.

4

On October 8, 2013 the Court declined to adopt the R&R, and ordered Plaintiff to file the stipulations and HIPAA Release Form on or before October 21, 2013. (Oct. 8, 2013 M&O 6.) The Court stated that "[i]f Plaintiff fail[ed] to comply[,] the Court [would] dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.*) As reflected on the docket, copies of the Court's October 8, 2013 Memorandum and Order were sent to Plaintiff at the Nassau County Correctional Center and his Roosevelt, New York address. On June 3, 2014, Defendants filed a status report with the Court, stating that, on October 15, 2013, they had sent the stipulations and the HIPAA Release Form to Plaintiff at the Nassau County Correctional Facility and his Roosevelt, New York address. (Docket Entry No. 45.) Defendants stated that Plaintiff did not respond. (*Id.*) Since that time, the docket in this matter reflects no further activity by the parties.[3]

## II. Discussion

### a. Standard of review

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing Fed. R .Civ. P. 41(b)). Dismissal pursuant to Rule 41(b) is a "harsh remedy" and "appropriate only in extreme situations." *Russell v. Rao*, 531 F. App'x 175, 176 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Recognizing that dismissal pursuant to Rule 41(b) lies within the discretion of the district court, the Second Circuit has set forth five factors to be considered in determining whether dismissal is appropriate: "(1) the plaintiff's failure to prosecute caused a

---

[3] The Court's June 2, 2014 Status Report Order was sent to Plaintiff at both the Nassau Correctional Facility and Plaintiff's Roosevelt, New York address. However, both mailings were returned as undeliverable. (Docket Entry Nos. 44, 46.)

5

delay of significant duration; (2) the plaintiff was given notice that failure to comply or further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *Vanterpool v. Blackman*, No. 12-CV-2961, 2013 WL 5973874, at *2 (E.D.N.Y. Nov. 5, 2013) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467–468 (2d Cir. 2013); *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

### b. Plaintiff has failed to prosecute this action

The Court dismisses Plaintiff's action for failure to prosecute as all the relevant factors are satisfied. First, over the course of three years, Plaintiff has received numerous extensions of time to file the stipulations and HIPAA Release Form, which are necessary for discovery to proceed in this action. However, with each extension, Plaintiff repeatedly failed to produce the documents as ordered by the Court. Second, Plaintiff failed to comply with the court orders despite the Court's explicit warnings that his failure to do so would result in dismissal of the action. (Docket Entry Nos. 28, 37; Oct. 8, 2013 M&O 6.) Third, Defendants' efforts to proceed to a resolution of this case have been frustrated by these failures and Defendants are likely to be prejudiced by further delay. Fourth, since the inception of the action, both Judge Lindsay and this Court have excused Plaintiff's failures and granted Plaintiff multiple extensions of time. Finally, on two occasions, the Court declined to impose more serious sanctions in response to Plaintiff's failures, and granted him additional time to comply with the Court's orders. Nevertheless, Plaintiff still failed to comply with the Court's orders. As a result, the Court finds that less serious sanctions would be fruitless. Accordingly, in light of Plaintiff's failure to

prosecute this action, the Court dismisses Plaintiff's case.

### III. Conclusion

For the foregoing reasons, the Court dismisses this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 31, 2016
     Brooklyn, New York